

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

Gerald C. Mann

ATTORNEY GENERAL

Hon. P. W. Minter      Opinion No. O-5285
County Attorney      Re:     Necessity of seal to be attached
Jim Hogg County      to acknowledgments made by commissioned
Hebronville, Texas      officers under H. B. 4, 48th Legislature
                   of Texas.

Dear Sir:

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"I notice that H. B. No. 4, authorizing Commissioned Officers of the United States, to take acknowledgements of instruments of writing for record, was approved and became effective March 3rd., 1943. However the same did not provide for any seal of the Officer taking the acknowledgment as contemplated by Art. 6606, R.C.S.

"Please give me your opinion as to whether an acknowledgment taken by such a Commissioned Officer, but without an Official Seal attached thereto, would be valid."

H.B. 4 of the 48th Legislature of Texas, provides:

"Section 1. Article 6602, Title 115, Chapter 2 of the Revised Civil Statutes of Texas of 1925 is hereby amended so as to hereafter read as follows:

"'Article 6602.

"'The acknowledgment or proof of an instrument of writing for record may be made within this State before:

"'1. A clerk of the district court.
"'2. A judge or clerk of the county court.
"'3. A notary public.

"'Without the State, but within the United States or their territories before:

"'1. A clerk of some court of record having a seal.
"'2. A commissioner of deeds duly appointed under the laws of the State.
"3. A notary public.

"'Without the United States before:

"'1.  A minister, a commissioner or charge d'affaires of the United States, resident and accredited in the country where the proof or acknowledgment is made.

"'2.  A consul-general, consul, vice-consul, commercial agent, vice-commercial agent, deputy consul or consular agent of the United States, resident in the country where proof or acknowledgment is made.

"'3.  A notary public.

"'The acknowledgment or proof of an instrument of writing for record may be made by a member of the Armed Forces of the United States or the Auxiliaries thereof without the territorial confines of the United States before the following:

"'1.  Any commissioned officer in the Armed Forces of the United States of America, in the Auxiliaries thereto, or any commissioned officer in the Armed Forces Reserve of the United States of America or any Auxiliary thereto.'

"Sec. 2.  The fact that many members of our Armed Forces who are without the United States have no way to acknowledge legal documents and instruments for record creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be suspended, and such Rule is hereby suspended, and this Act shall take effect and be in force from and after its passage, and it is so enacted."

The act became effective March 3, 1943.

10 U.S.C.A., § 1586, as amended December 14, 1942, provides:

"Any officer of any component of the Army of the United States on active duty in Federal service commissioned in or assigned or detailed to duty with the Judge Advocate General's Department, any staff judge advocate or acting staff judge advocate, the President of a general or special court-martial, any summary court-martial, the trial judge advocate or any assistant trial judge advocate of a general or special court-martial, the president or the recorder of a court of inquiry or of a military board, any officer designated to take a deposition, any officer detailed to conduct an investigation,

and the adjutant, assistant adjutant or personnel adjutant of any command shall have power to administer oaths for the purposes of the administration of military justice and for other purposes of military administration; and shall also have the general powers of a notary public in the administering of oaths, the execution and acknowledgment of legal instruments, the attestation of documents and all other forms of notarial acts to be executed by persons subject to military law: **Provided**, That no fee of any character shall be paid to any officer mentioned in this section for the performance of any notarial act herein authorized. As amended Dec. 14, 1942, c. 730, 56 Stat. 1050."

Articles 6603, 6606 and 6607, Vernon's Annotated Texas Civil Statutes, read as follows:
"Art. 6603. (6800) (4616) (4308) Acknowledgment, how made
"The acknowledgment of an instrument of writing for the purpose of being recorded shall be by the grantor or person who executed the same appearing before some officer authorized to take such acknowledgment, and stating that he had executed the same for the consideration and purposes therein stated; and the officer taking such acknowledgment shall make a certificate thereof, sign and seal the same with his seal of office. (Acts 1846, p. 236; P.D. 5007; G.L. vol. 2, p. 1542.)"

"Art. 6606. (6803) (4619) (4311) Certificate of officer

"An officer taking the acknowledgment of a deed, or other instrument of writing, must place thereon his official certificate, signed by him and given under his seal of office, substantially in form as hereinafter prescribed."

"Art. 6607. (6804) (4620) (4312) Form of certificate

"The form of an ordinary certificate of acknowledgment must be substantially as follows:

"'The State of _____,
"'County of _____,

"'Before me _____ (here insert the name and character of the officer) on this day personally appeared _____, known to me (or proved to me on the oath of _____) to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.
"(Seal) "'Given under my hand and seal of office this _____ day of _____, A. D., _____.'"

Section 74, Acknowledgments, Seals, 1 Texas Juris-
prudence, page 482, reads in part as follows:

"§74.  Necessity for.--Although a contrary rule pre-
vailed prior to 1846, since that year it has been the
law, by virtue of express enactment, that a certificate
of acknowledgment must be under seal.  The present stat-
ute in this respect provides that 'the officer taking
such acknowledgment shall make a certificate thereof,
sign and seal the same with his seal of office.'

"Omission of a seal renders a certificate of ac-
knowledgment fatally defective; an instrument so certi-
fied is not entitled to be recorded, and if improperly
recorded the record will not impart constructive notice.
While a conveyance of property by one other than a mar-
ried woman is, notwithstanding the omission of a seal
from the certificate of acknowledgment, valid as between
the parties, such an omission in the deed of a married
woman renders the conveyance void.

". . . ."

We have been unable to find any Federal or Texas
statute authorizing or requiring a commissioned officer to use
any type of seal in taking acknowledgments as outlined in H.B.
4, supra.

In construing the amendment to H.B. 4, supra, where-
in the commissioned officers mentioned therein are authorized
to take acknowledgments or proof of an instrument of writing
for record of members of the armed forces outside the terri-
torial confines of the United States, we must assume that the
Legislature of Texas knew that such commissioned officers had
no seal.  The emergency clause of H.B. 4, quoted above  clearly
shows that the Legislature of Texas was desirous of providing
a method for the taking of acknowledgments of the members of
our armed forces outside the confines of the United States.

The question is not without difficulty yet we are
constrained to believe that the courts would hold such instru-
ments valid in the absence of a seal inasmuch as no seal is
provided for.  To hold otherwise would render the act of the
Legislature futile and condemn through strict artificial tech-
nicality a very worthwhile and necessary piece of emergency
legislation.  This we are unwilling to do.

It is our opinion that proper acknowledgments taken
by commissioned officers under H.B. 4, supra, of members of

our armed forces, taken outside the confines of the United
States, without a seal being attached thereto, are valid.

Very truly yours

ATTORNEY GENERAL OF TEXAS

/s/   By Wm. J. Fanning
      Wm. J. Fanning, Assistant

APPROVED MAY 20, 1943
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:       BWB, CHAIRMAN

WJF:mp:wb